PER CURIAM.
W.A.R., Inc., appeals a final order denying declaratory and injunctive relief in appellant’s action pursuant to section 163.3215, Florida Statutes (2010), which challenged the development order of the Levy County Board of County Commissioners (County) that approved the application of Tarmac America, LLC (Tarmac), appellee, to mine lime rock on a site in Levy County containing environmentally-sensitive lands. W.A.R. argues below and on appeal that the County’s development order is inconsistent with Conservation Element Policies 3.1 and 3.8 and Coastal Management Element Policy 5.7 of the County’s Comprehensive Plan. We agree with the trial court that the development *1245 order is consistent with the County’s Comprehensive Plan and affirm.
Conservation Element Policy 3.1 provides that “[i]mpacts to ‘high quality’ wetlands on site will be limited to development of necessary improvements consistent with plans approved by state and federal regulatory agencies.” Policy 3.8 provides that environmentally sensitive land “will be protected from mining operations.” The Coastal Management Element Policy 5.7 authorized the County to consider “dredge and fill activities” in the coastal zone “if supported by the U.S. Army Corps of Engineers.” The development order at issue expressly provides that:
There shall be no mining excavation operations or activities, or other activities or construction begun on the Subject Property pursuant to the approval granted by this Order unless and until all of the following have occurred ... (b) issuance of any and all Regulatory Permits by any and all applicable Regulatory Agency or Agencies, including but not limited to the issuance of an Excavation and Fill Permit.
Thus, Tarmac cannot (and Tarmac asserts it will not) proceed with the project until it obtains the permits required by the County’s Comprehensive Plan. We affirm all issues raised on appeal.
AFFIRMED.
VAN NORTWICK, CLARK, and RAY, JJ., concur.